IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL D. SLOAS,

           Plaintiff,

v.                                   CIVIL ACTION NO. 3:07-0504

CSX TRANSPORTATION, INC.,
a corporation,

           Defendant.

**MEMORANDUM ORDER AND OPINION**

Pending before the Court are Plaintiff's Post-Trial Motion for Judgment as a Matter of Law (doc. 109) and Defendant's Renewed Motion for Judgment as a Matter of Law (doc. 113). For the following reasons, the Court **DENIES** both motions.

**I. Legal Standard**

Judgment as a matter of law is available to parties where "without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996) (citing 5A Moore's Federal Practice ¶ 50.08 (2d ed. 1994)). A party moving for relief under Rule 50 is entitled to judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Price*, 93 F.3d at 1249 (citing *Bryan v. James E. Holmes Reg'l Med. Ctr.*, 33 F.3d 1318, 1333 (11th Cir. 1994)).

A Rule 50(b) motion is considered a renewal of a motion made pursuant to Rule 50(a). Rule 50(b), therefore, is the post-trial renewal on a motion for judgment as a matter of law which is made

at trial. In order to preserve a post-trial motion for judgment as a matter of law under Rule 50(b), the moving party must have raised the motion, under Rule 50(a), prior to submission of the case to the jury. *See Ramar Coal Co., Inc. v. Int'l Union*, 814 F.Supp. 502, 509 (W.D. Va. 1993) (citing 5A Moore's Federal Practice ¶ 50.08 (2d ed. 1985)). In addition to requiring that a motion for judgment as a matter of law be made prior to submission to the jury and renewed after the verdict, Rule 50 also requires that the Rule 50(a) motion "specify the judgment sought and the law and the facts on which the moving party is entitled to judgment." Fed. R. Civ. P. 50(a)(2). Courts and commentators have held that such language requires particular grounds for the motion to be stated, and that "the latter motion may only be premised upon particular grounds raised in the earlier motion made at the close of the evidence." *Id*. The purpose behind these requirements is to sufficiently apprise the non-moving party and the court of deficiencies in proof offered by the opposing party and to provide that party an opportunity to correct those deficiencies. *See*, *e.g*., *Waters v. Young*, 100 F.3d 1437, 1442 (9th Cir. 1996).

## II. FACTS

Plaintiff Michael D. Sloas was injured while trying to remove a stuck "Snyder" valve, a locomotive valve that threads directly into the fuel tank of the locomotive. Plaintiff testified that he often had to remove Snyder valves as part of his job responsibilities. He therefore had experience with the process of removing Snyder valves, including use of the required tools. Normally, a twenty-four inch wrench was used to loosen and remove the valve. However, the Snyder valve involved in this case differed from those Plaintiff routinely removed. The locomotive to which the valve was attached had been side-swiped and the locomotive was undergoing several repairs. First,

Plaintiff attempted to remove the valve the normal way, by using a twenty-four inch wrench. He found the valve stuck and was unable to remove the valve with the wrench.

Next, he obtained a forty-eight inch wrench and a "sawzall," a type of reciprocating saw, from the company tool room. Plaintiff decided to attempt to saw off the valve, which was the alternative method for removing a stuck valve, after he observed that the side-swipe accident had damaged the top of the valve. However, Plaintiff then observed that the sawzall's blades were insufficient to cut through the valve because they were too worn. He asked the tool room attendant for replacement blades, but the tool room attendant replied that there were none. Plaintiff also knew that employees sometimes took extra blades from the tool room for their own use, so he asked his coworkers if they had any blades. Again, he found none.

Plaintiff believed he could not saw the valve off because the available blades were inadequate for the job. Therefore, he decided to use the forty-eight inch wrench. Plaintiff obtained the assistance of another coworker, and the pair pushed on the forty-eight inch for approximately forty-five minutes in an attempt to remove the valve. Ultimately, the two men could not remove the valve and Plaintiff injured his back in the attempt. Defendants had in place at this time a policy warning employees not to overexert themselves.

Plaintiff took a break from the task. Later, he again tried to remove the valve. This time, he pounded on the valve with a hammer. He also attempted to cut it off using the worn blades. Plaintiff eventually was able to remove the valve through this method. However, he did not believe that use of the saw on the valve had contributed to its removal.

### III. DISCUSSION

In their motions, both Plaintiff and Defendant raise issues previously addressed by this Court. Plaintiff argues that Defendant failed to present evidence that his own contributory negligence helped to cause his injury. Instead, he argues that, at most, Defendant's evidence indicates that he assumed the risk of removing the stuck Snyder valve and that his attempt to remove it violated a general safety admonishment, neither of which make out contributory negligence on his part. He also argues that none of Defendant's evidence challenging his credibility or proving that an accident occurred can be used to establish his contributory negligence. For Defendant's part, it argues that Plaintiff presented no evidence that it was negligent. According to Defendant, Plaintiff's evidence regarding the absence of suitable sawzall blades, at best, demonstrates that an alternative method of removing the Snyder valve, sawing it off, was normally available. In Defendant's view, Plaintiff presented no evidence that use of the forty-eight inch wrench was itself an unsafe method for the task.

Both parties' arguments ignore important evidence presented at trial by the opposing side. Plaintiff ignores Defendant's evidence that he violated its policy against the use of excessive force, a policy of which Plaintiff was aware. Multiple employees of Defendant testified regarding this policy. They stated that each employee must know his own physical limitations and what constitutes excessive force for him or her. They also stated that Plaintiff should have stopped trying to remove the valve with the wrench when it became apparent that the valve was not moving. However, Plaintiff did not stop at that time. Rather, his own testimony is that another employee and he pushed on the forty-eight inch wrench for approximately forty-five minutes in an attempt to remove the valve. Plaintiff discontinued this method only after injuring his back. From the testimony of

Plaintiff and Defendant's employees, a reasonable jury could conclude that Plaintiff's own contributory negligence helped to cause his injury.

Similarly, Defendant's argument ignores important evidence presented by Plaintiff at trial. While Defendant's supporting memorandum acknowledges that the locomotive to which the Snyder valve at issue was attached had been in a side-swipe accident, Defendant fails to consider how this accident may have affected the difficulty of removing the valve. It also ignores Plaintiff's evidence that the metals in the valve and the locomotive's fuel neck had mated. Defendant instead stresses that use of a forty-eight inch wrench was a safe way of removing Snyder valves from locomotives. This assertion may be true in regards to normal Snyder valves. However, in this case, Plaintiff presented evidence that this Snyder valve was somewhat unique in that it had been damaged by a side-swipe accident and by the metal in the fuel neck mating with the metal in the valve. The jury was permitted to credit this evidence and find that Defendant's negligence caused Plaintiff's injury.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Post-Trial Motion for Judgment as a Matter of Law (doc. 109) and Defendant's Renewed Motion for Judgment as a Matter of Law (doc. 113).

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

      ENTER: January 23, 2009

      ROBERT C. CHAMBERS
      UNITED STATES DISTRICT JUDGE